### NATIONAL PARK BANK OF NEW YORK v. WEST SIDE BANK.

(Supreme Court, Appellate Term. March 5, 1909.)

1. WITNESSES (§ 268*)—CROSS-EXAMINATION.
   In an action by one bank against another to recover money paid on a check, plaintiff claiming that the payee's indorsement had been forged, and defendant claiming that the indorsement was made by one W. and ratified by the payee, a witness of defendant testified to conversations with the payee's president about the check and others indorsed by the payee, and that the conversations were subsequent to the time when plaintiff claimed the check in suit to be a forgery. The payee's president, on cross-examination by defendant, admitted a conversation with witness. *Held,* that it was error to exclude questions whether during the conversation the subject of the indorsement of the checks drawn to his company's order was discussed, whether he had stated that he had an employé named W. who had left his employ, and as to what conversation he had with witness at that time; the questions being proper cross-examination.
   [Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 941; Dec. Dig. § 268.*]

2. WITNESSES (§ 330*)—CREDIBILITY OF WITNESS—CROSS-EXAMINATION.
   The payee's president having admitted a conversation with defendant's witness, and having testified that neither he nor his company had authorized any one to indorse the check, questions asked him on cross-examination as to what the president stated to him at that time in reference to W., as to what he stated in reference to the subject of indorsements on the check, whether he had not stated something in regard to having received the proceeds of checks, indorsements upon which had not been authorized when they were made, and, if so, what his statement was, and what he said as to the indorsement of the check in suit and other checks which had gone through defendant's bank, were improperly excluded; they calling

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for declarations against interest and going to the credibility of the payee's president as a witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1106–1108; Dec. Dig. § 330.*]

Appeal from City Court of New York, Trial Term.

Action by the National Park Bank of New York against the West Side Bank. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Deyo & Bauerdorf (Robert C. Beatty and Frederic A. Burlingame, of counsel), for appellant.

Louis F. Doyle, for respondent.

DAYTON, J. By the stipulation on the trial the issue was limited to the indorsement on the check which was the subject of the action. The plaintiff claimed the indorsement of the payee was forged. The defendant alleged that the indorsement of the payee was made by one Wentzel and ratified by the payee. The check was drawn payable to the order of J. E. Manix Co. It was indorsed:

"Pay to the order of J. Hoegerl,
                    "J. E. Manix Co.,
                        "J. E. Manix, Pres.
            "Joe Hoegerl."

On the trial Manix swore that he was the president of the J. E. Manix Company, that he had not indorsed the check, that neither he nor J. E. Manix Company had ever authorized any one to indorse the check, and that J. E. Manix Company never received the proceeds or any money or property on account of the check. On cross-examination he was asked if he did not know as a matter of fact that Wentzel wrote the words "Pay to the order of Joseph Hoegerl," and if Wentzel was in his employ at the time of the alleged forgery. These questions were excluded. Westervelt, an employé of defendant, testified that he had had conversations with J. E. Manix about this check, and others indorsed by J. E. Manix Company which had gone through defendant's bank, and that these conversations were had subsequent to the time when plaintiff claimed the check in suit to be a forgery; that he (Westervelt) had never had any conversations with Manix prior to that time. Manix admitted a conversation, and he was asked if during that conversation the subject of the indorsement of the checks drawn to his order was discussed. Manix was also asked if he had stated that he had an employé named Wentzel who had left his employ. He was asked what conversation he had with Westervelt at that time. All these questions were excluded on plaintiff's exception. Westervelt was then asked what Manix stated to him in reference to Wentzel in the admitted conversation, what Manix said in reference to the subject of indorsements on the check, if Manix had not stated something in regard to having received the proceeds of checks, indorsements upon which had not been authorized when

they were made, what, if anything, he did say on the subject, and on the subject of the indorsement of this and other checks which had gone through defendant's bank.   All these questions were excluded on plaintiff's objection.

It will be seen that defendant was thus prevented from offering testimony of its own witness as to declarations made by plaintiff in an admitted conversation, which declarations, if so made, were against interest and went to the question of Manix's credibility; and, further, defendant was prevented from properly cross-examining Manix as to what actually was said at this admitted conversation.   These questions were material and important; and it may well be that, had they been allowed, the case would have presented conflicts of fact which would have made the direction of a verdict impossible and compelled a submission to the jury.   The fact that defendant failed to request a submission to the jury is unimportant.   He was so limited on cross-examination and by the improper exclusion of evidence that such a request would have been futile.

I think the rulings above referred to constitute reversible error, and the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

GILDERSLEEVE, P. J., concurs.   MacLEAN, J., taking no part.